Lusinya **GHAZAROSYAN,** Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71239.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Lusinya Ghazarosyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir.2000),

we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's denial of asylum. *See id.* Ghazarosyan failed to establish that her problems with Aram Hakobyan were, or will be on account of a protected ground. *See Grava v. INS*, 205 F.3d 1177, 1181 n. 3 (9th Cir.2000) (explaining that personal retribution is not persecution and that retaliation completely untethered to governmental system does not afford basis for asylum). Substantial evidence also supports the IJ's finding that the Armenian police's interest in Ghazarosyan was and will be to investigate fraud and the embezzlement of humanitarian funds. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1043–45 (9th Cir.2004). Accordingly, Ghazarosyan's asylum claim fails.

Because Ghazarosyan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Kozulin*, 218 F.3d at 1118.

Substantial evidence supports the denial of CAT relief because Ghazarosyan failed to show it is more likely than not that she will be tortured if she returns to Armenia. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055–56 (9th Cir.2006).

We lack jurisdiction to consider Ghazarosyan's contentions that she was persecuted on account of her family membership and that the IJ failed to consider the cumulative effect of her experiences because these claims were not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

We reject Ghazarosyan's contention that we should remand the case be-

---

** This disposition is not appropriate for publication and is not precedent except as provid-     ed by 9th Cir. R. 36–3.

cause the IJ did not make an explicit credibility finding. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000). Additionally, we reject Ghazarosyan's contentions that the IJ's decision was argumentative, failed to cite cogent reasons, and relied on speculation and conjecture, because they are not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.